UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA CROSS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 05 C 6137 |
| | ) | |
| K.B. TOYS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The following matter is before the court on the motion of Defendant K.B. Toys for judgment on the pleadings. For the reasons set forth below, the motion is granted.

## BACKGROUND

Tina Cross ("Cross"), a resident of Cook County, Illinois, filed a *pro se* complaint alleging sexual discrimination in the form of retaliation by her previous employer, K.B. Toys, in violation of Title VII of the Civil Rights Act of 1964. Cross was employed by K.B. Toys at its 1830 West Fullerton Avenue location in Chicago, Illinois, until her employment was terminated by K.B. Toys on April 14, 2004, after the store that she worked at was closed.

Cross alleges that K.B. Toys' alleged discrimination and retaliation was in response to a January 21, 2004 complaint of sexual harassment she filed with the EEOC and designated as Charge No. 21B-2004-00975.[1] Specifically, Cross asserts that K.B. Toys' retaliation for her discrimination complaint began on January 28, 2004, when she began receiving harassing phone calls from her supervisors. Cross further submits that K.B. Toys also reduced her hours. On February 14, 2004, Cross took an extended medical leave of absence after experiencing anxiety attacks allegedly due to K.B. Toys' alleged discrimination and retaliation. Cross submits that the retaliation continued after she returned to work on April 14, 2004, when K.B. Toys terminated her employment. In response, on November 12, 2004, Cross filed a second charge of alleged sexual discrimination and retaliation with the EEOC, designated as Charge No. 210-2005-00852, and received a Notice of Right to Sue on July 27, 2005.

On January 14, 2004, K.B. Toys filed a voluntary petition for protection in the United States Bankruptcy Court, District of Delaware, under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330. On April 27, 2004, Cross filed a proof of claim in the Chapter 11 proceeding with regard to the sexual harassment charge that she had filed in January 2004. In an April 27, 2004 Order, the Bankruptcy

---

[1] Although Cross' EEOC Charge No. 210-2005-00852 alleges that her prior Charge of Discrimination, designated as Charge No. 21B-2004-00975, was filed on January 14, 2004, that document reflects that it was actually filed on January 21, 2004.

Court established August 17, 2004 as the deadline for filing proofs of claim in the bankruptcy proceeding. The Bankruptcy Court's April 27, 2004 order required that a proof of claim be filed by "[e]ach and every person or entity (including every individual, partnership, corporation, estate or trust) who wished to assert a claim against any of the Debtors that arose prior to January 14, 2004 (the "Petition Date"), other than governmental units..." Cross filed a proof of claim for her charge of discrimination designated No. 21B-2004-00975, but did not file such a proof of claim for her second discrimination/retaliation designated No. 210-2005-00852.

Cross filed the instant action on October 25, 2005, and K.B. Toys filed an answer on February 16, 2006. Subsequently, on March 30, 2006, K.B. Toys filed the instant motion pursuant to Fed. R. Civ. P. 12 claiming that Cross' lawsuit is barred by K.B. Toys' Chapter 11 bankruptcy proceeding.

## **LEGAL STANDARDS**

A party may move for judgment on the pleadings once the pleadings are closed. Fed. R. Civ. P. 12(c). The appropriate standard for a judgment on the pleadings is "that applicable to summary judgment, except that the court may consider only the contents of the pleadings." Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). For this reason, judgment on the pleadings is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Nat'l

Fidelity Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987). With these considerations in mind, we turn to K.B. Toys' motion.

## **DISCUSSION**

K.B. Toys does not take issue with whether Cross has successfully pled her asserted retaliation claim, but instead contends that said claim is barred because Cross failed to file a proof of claim as required by the Reorganization Plan confirmed by the Bankruptcy Court. In contrast, Cross submits that her claims are not barred by the Reorganization Plan because: 1) her retaliation claim arose after the commencement of K.B. Toys' Chapter 11 Bankruptcy proceeding and, alternatively, 2) her claim is an administrative expense claim that did not require her to file a proof of claim in the Bankruptcy Court.

A "debt" is defined by the Bankruptcy Code as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)( A). Consequently, the definition of a "claim" in the Bankruptcy Code is broad enough to include an obligation from a civil action. See McSherry v. Trans World Airlines, 81 F.3d 739, 740 (8th Cir. 1996) (affirming the dismissal of an ADA claim arising postpetition but preconfirmation as discharged by the employer's bankruptcy). Further,

"a 'claim' for bankruptcy purposes may arise before such a claim would be cognizable in a nonbankruptcy context." Kresmery v. Service America Corp., 227 B.R. 10, 16 (D.Conn. 1998).

Whether Cross' retaliation claim is barred depends on when the claim arose, and whether the alleged discrimination occurred after the confirmation date. The Bankruptcy Code provides, in relevant part, that:

> "the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation...whether or not a proof of a claim based on such debt is filed or deemed filed under Section 501 of this title, such claim is allowed under Section 502 of this title, or the holder of such claim had accepted the plan..." 11 U.S.C. § 1141(d).

K.B. Toys further points to Article X, §§ E and F of the approved Reorganization Plan to support the notion that it was released from debts/claims it may have owed to Cross for preconfirmation debts. Article X, §§ E and F state in relevant part::

> "Discharge of Debtors. On the Effective Date [August 29, 2005], all such Claims against, or Interest in, the Debtors and the Reorganized Debtors shall be satisfied, discharged, and released in full, and all Persons shall be precluded from asserting against the Debtors, the Reorganized Debtors, the Residual Trust or any of their successors or their assets or properties any other or further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. Following the Effective Date, the Reorganized Debtors shall have no obligations to make any payment on account of, or in relation to, any Unsecured Claims or Residual Trust Other Secured Claims..." (Plan at Article X, § E).

> "Injunction. Except as may otherwise be expressly provided in the Plan or Confirmation Order, from and after the Effective Date [August 29, 2005], all Persons who have held, hold or may hold Claims against or Interests in the

> Debtors are permanently enjoined from (I) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, cause or action or other proceeding of any kind (including, without limitation, in any judicial arbitration, administrative or other forum) against or affecting the Reorganized Debtors, the Residual Trust or other Estates on account of or respecting any Claim, obligation, debt, right, cause of action, remedy or liability discharge, released or to be released pursuant to this Article X..." (Plan at Article X, § F).

Cross submits that the discriminatory conduct commenced after the petition date but before the confirmation date and, therefore, she was not required to file a proof of claim under the reorganization plan.

The 8th Circuit dealt with similar facts to those that are presented in the instant action in <u>McSherry</u>, 81 F.3d 739 (8th Cir. 1996). There, a defendant employer terminated a plaintiff's employment nine months after it filed a voluntary petition for reorganization in bankruptcy on January 31, 1992. Shortly thereafter plaintiff filed an administrative complaint with the Department of Labor claiming discrimination under the ADA. On Aug. 12, 1993, defendant's Chapter 11 Bankruptcy plan was confirmed, which required all pre-confirmation claims to be filed with the bankruptcy court by Dec. 3, 1993. Plaintiff did not file such a proof of claim. On April 12, 1994, plaintiff received a right-to-sue letter from Department of Labor, and on July 1, 1994, he filed suit in federal court, which dismissed the case. Subsequently, the Eighth Circuit affirmed, thereby rejecting plaintiff's argument that he did not have an ADA claim until he received his EEOC right-to-sue letter and holding that, for purposes of the

bankruptcy code, plaintiff's ADA termination claim arose post-petition but before confirmation of the plan. Therefore, it is evident that pursuant to § 1141(d) of the bankruptcy code and the confirmed reorganization plan, that K.B. Toys' liability for employment discrimination against Cross based on pre-confirmation claims are discharged.

Alternatively, Cross contends that her claim is an administrative expense claim and, therefore, she was not required to file a proof of claim under the reorganization plan. § 503(b)(1)(A) of the Bankruptcy Code is intended to enable a debtor to continue operating its business, preserving the estate for the benefit of all its creditors. In Re Ridgewood Sacramento, Inc., 20 B.R. 443, 446 (Bkrtcy. E.D.Ca.1982). A general rule in determining whether a claim arises from preservation of the bankruptcy estate is that only post-petition expenses incurred to preserve the estate are entitled to administrative priority. Matter of Chicago, Rock Island and Pacific R. Co., 756 F.2d 517, 519 (7th Cir. 1985).

Cross fails support the notion that K.B. Toys' alleged retaliation was in any way conducted to preserve the bankruptcy estate as required to show the existence of an administrative expense claim. Consequently, Cross' present claim does not constitute an administrative expense claim. Therefore, Cross was required to meet the effective date established by the Bankruptcy Court for the claim to survive. Cross received her

right to sue letter from the EEOC in July of 2005, well in advance of the effective date established by the Bankruptcy Court. Therefore, because the instant suit constitutes a claim under the Bankruptcy Code and she was given advance notice of her right to sue, pursuant to Article X, Section E of the Reorganization Plan, Cross' Title VII claims have been effectively discharged.

## **CONCLUSION**

Based on the foregoing analysis, K.B. Toys' motion for judgment on the pleadings is granted.

Charles P. Kocoras
United States District Judge

Dated:  August 22, 2006